**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 2:03-CR-13(1) |
| | § | |
| DAVIDIAN MARQUIS LEFFALL | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

On September 11, 2007, the court held a hearing on the government's Petition to Revoke Supervised Release. The government was represented by Assistant United States Attorney Mr. Alan Jackson. The defendant was represented by Mr. Wayne Dickey.

Davidian Marquis Leffall was sentenced on May 10, 2004, before The Honorable T. John Ward of the Eastern District of Texas after pleading guilty to the offense of conspiracy to commit bank fraud and conspiracy to make and utter counterfeit securities, a Class D felony. This offense carried a statutory maximum imprisonment term of five years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of IV, was 15 to 21 months. Davidian Marquis Leffall was subsequently sentenced to 18 months imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, no new credit, drug aftercare, $7,733.64 in restitution, and a $100 special assessment. On March 21, 2006, Davidian Marquis Leffall completed his period of imprisonment and began service of the supervision term.

On April 23, 2007, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following conditions:

1) The defendant shall not commit another federal, state, or local crime.  Specifically, the government alleges as follows: On or about July 5, 2006, Mr. Leffall was arrested by the Longview, Texas, Police Department and charged with possession of a controlled substance.  On March 28, 2007, Mr. Leffall was indicted on this charge in Gregg County, Texas, under cause number 35550-A.  Mr. Leffall entered into a plea agreement and was subsequently sentenced to nine (9) months in state jail on April 9, 2007.

2) The defendant shall not illegally possess a controlled substance.  Specifically, the government alleges as follows: On or about July 5, 2006, Mr. Leffall was arrested by the Longview, Texas, Police Department and charged with possession of a controlled substance.  On March 28, 2007, Mr. Leffall was indicted on this charge in Gregg County, Texas, under cause number 35550-A.  Mr. Leffall entered into a plea agreement and was subsequently sentenced to nine (9) months in state jail on April 9, 2007.

3) The defendant shall not commit another federal, state, or local crime.  Specifically, the government alleges as follows: On or about May 27, 2006, Mr. Leffall was arrested by the Texas Department of Public Safety in Linden, Texas, for driving while intoxicated.  It is alleged that Mr. Leffall blew a 0.106 on a roadside intoximeter and was taken into custody.  He subsequently posted bail and this charge is still pending in Cass County, Texas.

4) The defendant shall refrain from excessive use of alcohol.  Specifically, the government alleges as follows: On or about May 27, 2006, Mr. Leffall was arrested for driving while intoxicated and blew a 0.106 on a roadside intoximeter.

5) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.  Specifically, the government alleges as follows: Mr.

Leffall failed to notify the U.S. Probation Office of his arrest on May 27, 2006.  On June 5, 2006, Mr. Leffall reported to the U.S. Probation Office, and made no mention of his arrest at this time nor any time after that date.

The court scheduled a revocation hearing for September 11, 2007.  At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to the first, second, and fifth allegations as set forth above, and the government withdrew the third and fourth allegations.  Based on the defendant's plea of true to the first, second, and fifth allegations, and with no objection by the defendant or the government, the court found that the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day, to run consecutive to the sentence received by the defendant in the 188th District Court of Gregg County, Texas, under Case No. 35550-A, with no term of supervised release to follow such term of imprisonment.  The court further recommended that the defendant be placed by the Bureau of Prisons within its Ft. Worth, Texas, facility.  Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the first, second, and fifth allegations as set forth in the government's petition be **ACCEPTED**.  Based upon the defendant's plea of true to these allegations, it is further recommended that the court find that the defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**.  It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons

to be imprisoned for a term of twelve (12) months and one (1) day, consecutive to the term of imprisonment the defendant received in the 188th District Court of Gregg County, Texas, under Case No. 35550-A, with no term of supervised release to follow such term of imprisonment.  It is further

**RECOMMENDED** that the court request that the Bureau of Prisons place the defendant in its Ft. Worth, Texas, facility during the period of his confinement.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  *Douglas v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SIGNED this 18th day of October, 2007.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE